IN RE ESTATE OF JEROME EDWARD BEACHLER.
JOSEPHINE BEACHLER, ADMINISTRATRIX, APPELLANT, V.
ROSCOE C. BEACHLER, EXECUTOR, APPELLEE.
299 N. W. 484
FILED JULY 29, 1941. No. 31129.

*Melvin Moss* and *W. J. Moss*, for appellant.

*J. L. Richards*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

In a proceeding in the county court of Thayer county to administer and settle the estate of Jerome Edward Beachler, deceased, Josephine Beachler, administratrix of the estate of LeRoy Beachler, deceased, presented a petition praying for an order directing Roscoe C. Beachler, executor under the will of Jerome Edward Beachler, deceased, to pay from the latter's estate to her a one-ninth interest therein which had been willed to Charles W. Beachler and by him assigned to LeRoy Beachler. The county court ordered payment as prayed in the petition of the administratrix and from that order Roscoe C. Beachler, executor of the estate of Jerome Edward Beachler, deceased, appealed to the district court where the judgment of the county court was reversed and the petition dismissed. From the dismissal Josephine Beachler, administratrix, appealed to the supreme court.

The assignment is dated March 24, 1930. It recites that the consideration for the assignment is $225 and that it is made on the express condition that it shall be null and void if Charles W. Beachler shall repay to LeRoy Beachler, his heirs or assigns, the $225 with interest within two years. The petition for an order directing Roscoe C. Beachler, executor, to pay to Josephine Beachler, administratrix of the estate of LeRoy Beachler, deceased, the one-ninth interest of Charles W. Beachler in the estate of Jerome Edward Beachler, deceased, does not allege that Charles W. Beachler failed to repay the $225 in compliance with the terms of the assignment, and therefore does not state facts sufficient to state a cause of action for the order sought. It follows that the district court did not err in reversing the order of the county court and in dismissing the petition.

AFFIRMED.